# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**KENNETH MCGHEE,**

**Plaintiff,**

**vs.**  CASE NO. 5:10cv279/RS-EMT

**HEALTHCARE SERVICES**
**GROUP, INC., SOVEREIGN**
**HEALTHCARE OF BONIFAY, LLC,**
**and NANCY HALL,**

**Defendants.**
_____/

## ORDER

Before me is Defendants Nancy Hall and Sovereign Healthcare of Bonifay's motion to dismiss (Doc. 11).

### I. STANDARD OF REVIEW

In order to overcome a motion to dismiss, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that

1

could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000), citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999).

## II. BACKGROUND

Plaintiff was employed by Defendant Healthcare Services Group ("Healthcare"). Healthcare was under contract with Defendant Sovereign Healthcare of Bonifay ("Bonifay") as a vendor. Plaintiff's position was to oversee the cleanliness of the Bonifay facility. Plaintiff's wife was employed by Bonifay, and in May of 2009 filed a charge of discrimination with the Florida Commission on Human Rights and the Equal Employment Opportunity Commission, alleging that Bonifay discriminated against her on the basis of her disability. Plaintiff alleges that in retaliation for his wife's protected activity he was terminated by his employer, Healthcare, at the request of Defendant Hall and Defendant Bonifay. Plaintiff now brings claims against Defendants Bonifay and Hall for tortious interference with a business relationship, and a claim against Defendant Bonifay

for retaliation. Defendants Hall and Bonifay have moved for dismissal of all counts against them.[1]

## III. ANALYSIS

*Tortious Interference with a Business Relationship*

The elements of tortious interference with a business relationship are: (1) the existence of a business relationship, not necessarily evidenced by an enforceable contract, under which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the interference. *Salit v. Ruden*, 742 So.2d 381, 385 (Fla. 4th DCA 1999). For the interference to be "unjustified" under the third element, the interfering defendant must be "a third party, a stranger to the business relationship." *Id.* at 386.

Defendants argue that Plaintiff's claims for tortious interference should be dismissed because Bonifay and Hall are not third parties to the contractual relationship between Bonifay and Healthcare; therefore, their interference fails to satisfy the third element. *See id.* However, it is clear from Plaintiff's complaint that the business relationship with which Plaintiff alleges Defendants interfered is the employment relationship between Plaintiff and Healthcare. Bonifay and Hall

---

[1] Defendants' motion is entitled "Motion to Dismiss Third Amended Complaint with Prejudice" and consistently refers to Plaintiff's "third amended complaint." (Doc. 11). Plaintiff has only filed one amended complaint (Doc. 8). Therefore, I construe Defendants' motion as a motion to dismiss Plaintiff's first amended complaint.

3

were not parties to the employment relationship between Plaintiff and Healthcare, and therefore they satisfy the requirement that the interference come from a third party to the contract.

Defendants also allege that Hall was "privileged to interfere" as an employee of Bonifay. However, this privilege only applies to employees who interfere with their employer's contract with another. *Sloan v. Sax*, 505 So.2d 526, 528 (Fla. 3d DCA 1987). Again, it is clear that Plaintiff has alleged Hall interfered with his employment relationship with Healthcare, not the contract between Healthcare and Bonifay. Therefore, because Hall was not an employee of a contracting party, this exception does not apply. Dismissal is not warranted on Plaintiff's claims of tortious interference with a business relationship.

### *Retaliation*

Defendants have argued that Plaintiff's retaliation claim fails because he did not personally participate in the protected activity. Previously, there was a split in the circuits on third-party reprisal claims, and the issue had yet to be addressed by the Eleventh Circuit. However, the Supreme Court recently addressed this issue in *Thompson v. North American Stainless,* 131 S.Ct. 863 (2011). In *Thompson*, the Supreme Court rejected a categorical rule that third-party reprisals do not violate Title VII and held that an employer's alleged act of firing an employee in

retaliation against that employee's fiancée who engaged in protected activity, if proven, constituted unlawful retaliation. *Thompson* at 867-68.

The Court emphasized that not every person injured by a Title VII violation could sue: for example, a shareholder could not sue a company for firing a valuable employee for racially discriminatory reasons if he could show the value of his stock decreased as a consequence. *Id.* at 869. The Supreme Court adopted the "zone of interests test," under which a plaintiff may not sue unless he "falls within the 'zone of interests' sought to be protected by the statutory provision whose violation forms the legal basis for his complaint." *Thompson* at 870 (citing *Lujan v. National Wildlife Federation*, 497 U.S. 871, 883, 110 S.Ct. 3177 (1990)). Applying the "zone of interest" test, the Supreme Court found that the Plaintiff in *Thompson*, as an employee, satisfied the test because the purpose of Title VII is to protect employees from their employers' unlawful actions. *Thompson* at 870. In addition, Thompson was not an accidental victim of the retaliation or merely collateral damage of the employer's unlawful act. His employer intended to injure him to punish the employee who engaged in the protected action. *See id.*

Defendants argue in their supplemental memorandum (Doc. 21) that *Thompson* does not apply to this case because Plaintiff and his wife were employed by different companies, unlike the Plaintiff in *Thompson*. However, the "zone of interest" test set forth by the Supreme Court in *Thompson* only denies the right of

review "if the plaintiff's interests are so marginally related to or inconsistent with the purposes implicit in the statute it cannot reasonably be assumed that Congress intended to permit the suit." *Thompson* at 870 (citing *Clare v. Securities Industry Assn.*, 479 U.S. 388, 399-400, 107 S.Ct. 750 (1987)). It cannot be said that Plaintiff McGhee's interests do not satisfy this broad test and are only marginally related to the purpose of Title VII, nor assumed that Congress did not intend to permit this type of suit. Similar to the plaintiff in *Thompson*, Plaintiff McGhee was an employee, and the purpose of Title VII is to protect employees from their employers' unlawful actions. *See Thompson* at 870. Furthermore, as in *Thompson*, Plaintiff alleges he was intentionally injured as a means of punishing his wife for her protected activity. *See id.*

Although Plaintiff and his wife were employed by different entities, *Thompson* gives no indication that this prohibits recovery. Plaintiff's employer was a subcontractor of Bonifay, and Plaintiff's physical workplace was at the Bonifay facility. The two employers and their employees are clearly intertwined, and under Plaintiff's version of the facts Bonifay used its relationship with Healthcare to retaliate against Plaintiff's wife for her protected activity. Allowing employers to induce their subcontractors to fire the subcontractor's employees in retaliation for the protected activity of a spouse would clearly contravene the purpose of Title VII. It is easy to conclude that a reasonable worker might be

6

dissuaded from engaging in protected activity if she knew that her husband would be fired by his employer. *See Thompson* at 868. Therefore, under the test set forth in *Thompson* Plaintiff's interests fall within the "zone of interests" of those intended to be protected by Title VII. Thus, Plaintiff has stated a plausible claim for relief and dismissal of his retaliation claim is not warranted.

## IV. CONCLUSION

Defendants' motion to dismiss (Doc. 11) is **denied**.

**ORDERED** on March 2, 2011.

/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**